## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATASHA GRIFFITH,<br>1435 Newton Street, NW<br>Apt. 209<br>Washington, DC 20010<br><br>*Plaintiff*<br><br>v.<br><br>EDUCAP, INC.,<br>45610 Woodland Road<br>Suite 370<br>Sterling, VA 20166-4220<br><br>AND<br><br>WEINSTOCK, FRIEDMAN & FRIEDMAN<br>4 Reservoir Circle<br>2nd Floor<br>Baltimore,  MD 21208<br><br>*Defendants* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No. 1:16-cv-1541<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Natasha Griffith ("Griffith") hereby files her complaint against EduCap, Inc. ("EduCap")

and Weinstock, Friedman & Friedman ("Weinstock") (collectively "Defendants") for violations

of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692, *et seq*., District of

Columbia Code § 28-3814 *et seq*., and abuse of process.

### I.

### JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337 in

that Griffith's FDCPA claims involve a federal question.

2.      This Court also has jurisdiction under 28 U.S.C. § 1332(a) in that complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000.

3.      Venue is proper under 28 U.S.C. § 1391(b)(2) in that all of the Defendants' acts or omissions giving rise to Griffith's claims occurred in this jurisdiction.

## II.

## PARTIES

4.      Griffith is a sui juris adult resident in the District of Columbia.

5.      Griffith is a consumer as defined by 15 U.S.C. § 1692a(3) in that the defaulted private student loan at issue was for personal, family or household purposes for the primary borrower, Robert Blocker ("Blocker"), to attend Bowie State University.

6.      EduCap is, and at times mentioned herein was, a Maryland non-profit corporation with a principal place of business at 45610 Woodland Road, Suite 370, Sterling, VA 20166-4220.

7.      EduCap filed a debt collection lawsuit, as defined by D.C. Code § 28-3814(b)(2), against Griffith in the District of Columbia Superior Court.

8.      EduCap is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they regularly engage, directly or indirectly, in the business of collecting thousands of defaulted private student loan debts across the country.

9.      Weinstock is, and at all times mentioned herein was, a debt collector as defined by 15 U.S.C. § 1692a(6) in that they are primarily engaged in the business of collecting defaulted consumer debts alleged to be owed to another.

10.     Weinstock is, and at all times mentioned herein was, a debt collector as defined by D.C. Code § 28-3814(b)(3) in that they are directly engaged in the business of collecting defaulted debts alleged to be owed to another.

**III.**

**FACTUAL ALLEGATIONS**

11.     On February 13, 2007, a private student loan in the amount of $19,152 was disbursed to Blocker. Monthly payments in the amount of $215.02 were due beginning March 11, 2007. Griffith was a cosigner on the promissory note.

12.     The note disclosure statement identifies the lender as HSBC Bank USA, N.A. and includes a recital that "you … promise to pay HSBC Bank USA, N.A. the loan amount with interest …."

13.     The note also states "for value received, each of the undersigned, jointly and severally, if more than one, promise to pay to *Lender* the Loan Amount …." Lender is defined in the terms and conditions as "HSBC Bank USA, National Association."

14.     Blocker defaulted on the loan by failing to remit the required payments under the promissory note.

15.     Weinstock filed a debt collection lawsuit against Griffith in the District of Columbia Superior Court on May 1, 2014. Weinstock's verified complaint is styled "EDUCAP Inc. on behalf of HSBC Bank USA, National Association." Attached to Weinstock's complaint is an affidavit from Marcus Maiorca ("Maiorca") who claims under oath to have personal knowledge that Griffith "entered into a written promissory note with *EduCap*."[1]

---

[1] Emphasis added

3

16.     During this period, Weinstock only represented EduCap. Weinstock was not employed by HSBC, retained by HSBC, did not have an attorney/client relationship with HSBC, and was not compensated by HSBC.

17.     EduCap only appears peripherally in the loan documents as entitled to service loans by reviewing and receiving loan applications, processing forbearances, and checking borrower credit and income.

18.     EduCap was not the lender, a party to the note or an intended third-party beneficiary.

19.     EduCap was never the real party in interest.

20.     On May 26, 2015, the trial court granted summary judgment in favor of EduCap reasoning that "EduCap is a real party in interest and has the right to sue Griffith for the debt owed," because EduCap was "[t]he loan serving agent from the inception of the loan, and is properly identified as such in the caption of the complaint as "Edu[C]ap Inc., on behalf of HSBC Bank USA, N.A. The debt was never assigned because it did not need to be assigned …."

21.     However, on February 24, 2016 the District of Columbia Court of Appeals reversed the trial court's grant of summary judgment holding that "EduCap was not a proper party to sue to enforce the note." The court also stated that "EduCap has never contended that HSBC was a party to the suit."

22.     HSBC was required to bring suit in its own name, but EduCap used HSBC's name to conceal the fact that EduCap was merely acting as a debt collector and never had standing as the real party in interest to enforce the terms of the note.

23.     More than two years after filing their lawsuit, Weinstock filed a "Motion to Substitute and/or Join" the real party in interest—HSBC—on April 14, 2016.

24.     On July 11, 2016, the trial court granted EduCap's motion for "substitution of HSBC in place of EduCap. Inc. … as the new plaintiff."

25.     Defendants have a long, well-documented history of filing debt collection lawsuits falsely claiming to be the lender and/or real party in interest. Defendants' conduct is designed to mislead unwitting consumers into believing EduCap is the actual creditor—as opposed to a mere debt collector—to evade standing challenges by consumers.

26.     In *EduCap v Rogers*,[2] a private student loan was issued by HSBC on August 10, 2006 for Rogers to attend Howard University. Defendants' complaint is styled EduCap Inc. v. Rogers "for student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Rogers "entered into a written promissory note with EduCap."

27.     In *EduCap v Thompson*,[3] a private student loan was issued by Bank of America on August 14, 2006 for Thompson to attend the University of the District of Columbia. Defendants' complaint is styled EduCap, Inc. v Thompson "for student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that "the said indebtedness represents merchandise sold/monies advanced/services performed by the plaintiff to or for the defendant."

28.     In *EduCap v Epps*,[4] a private student loan was issued by 5 Star Bank on January 27, 2006 for Epps to attend Delaware State. Defendants' complaint is styled EduCap Inc. v. Epps "for Student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Epps "entered into a written promissory note with EduCap."

---

[2] District of Columbia Superior Court Case No. 2010 CA 006037 C

[3] District of Columbia Superior Court Case No. 2010 CA 007925 C

[4] District of Columbia Superior Court Case No. 2011 CA 005275 C

29.      And in *EduCap v Epps*,[5] EduCap filed another suit to recover the very same private student loan issued by 5 Star Bank on January 27, 2006 for Epps to attend Delaware State. Defendants' complaint is also styled EduCap Inc. v. Epps "for student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that "the said indebtedness represents merchandise sold/monies advanced/services performed by the plaintiff to or for the defendant."

30.      In *EduCap v Dove*,[6] a private student loan was issued by HSBC on August 21, 2007 for Dove to attend Pennsylvania State University. Defendants' complaint is styled "EduCap Inc. On Behalf of HSBC Bank NA" v Dove "for student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Dove "entered into a written promissory note with EduCap."

31.      In *EduCap v Smith*,[7] a private student loan was issued by HSBC on March 27, 2007 for Smith to attend the University of Maryland. Defendants' complaint is styled EduCap Inc. v. Smith "for a student loan by the Plaintiff to the Defendant." Maiorca falsely claims under oath "the said indebtedness represents merchandise sold/monies advanced/services performed by the plaintiff to or for the defendant."

32.      In *EduCap v Brown*,[8] a private student loan was issued by HSBC on August 4, 2006 for Brown to attend Trinity College. Defendants' complaint is styled EduCap Inc. v. Brown

---

[5] District of Columbia Superior Court Case No. 2012 CA 006910 C

[6] District of Columbia Superior Court Case No. 2015 CA 007783 C

[7] District of Columbia Superior Court Case No. 2011 CA 006073 C

[8] District of Columbia Superior Court Case No. 2012 CA 003544 C

"for Student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Brown "entered into a written promissory note with EduCap."

33.     In *EduCap v Gebreyessus*,[9] a private student loan was issued by HSBC on August 29, 2006 for Gebreyessus to attend Pennsylvania State University. Defendants' complaint is styled EduCap Inc. v. Gebreyessus "for Student Loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Gebreyessus "entered into a written promissory note with EduCap."

34.     In *EduCap v Jones*,[10] a private student loan was issued by Bank of America on August 10, 2006 for Jones to attend North Carolina Central University. Defendants' complaint is styled "EduCap Inc." v. Jones "for student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath "the said indebtedness represents merchandise sold/monies advanced/services performed by the plaintiff to or for the defendant."

35.     In *EduCap v Quick*,[11] a private student loan was issued by Bank of America on August 10, 2006 for Quick to attend St. Leo University. Defendants' complaint is styled "EduCap Inc." v. Quick "for Student loan (sic) by the Plaintiff to the Defendant." Maiorca falsely claims under oath that Quick "entered into a written promissory note with EduCap."

36.     The method and manner of Defendants' debt collection practices are intentional, willful, malicious and in open defiance of state and federal consumer protection statutes.

37.     Griffith has been injured in the form of agitation, annoyance, and undue inconvenience as a result of Defendants' deceptive debt collection practices.

---

[9] District of Columbia Superior Court Case No. 2012 CA 006029 C

[10] District of Columbia Superior Court Case No. 2012 CA 009412 C

[11] District of Columbia Superior Court Case No. 2012 CA 0000174

38.     Griffith has sustained actual damages, including substantial attorney's fees and costs, defending and successfully appealing the underlying action as a result of Defendants' deceptive debt collection conduct.

## IV.

## FIRST CLAIM FOR RELIEF

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15  U.S.C. § 1692 ET SEQ.

39.     Griffith repeats, re-alleges and incorporates by reference paragraphs 1-38, inclusive, above, as if fully set forth herein.

40.     Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, and abuse Griffith in filing suit falsely claiming that EduCap was the real party in interest.

41.     Defendants violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which is designed to annoy, harass, oppress, and abuse Griffith in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

42.     Defendants violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the debt in filing suit falsely claiming that EduCap was the real party in interest.

43.     Defendants violated 15 U.S.C. § 1692d(5) by using false, deceptive or misleading means to collect the debt in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

44.     Defendants violated 15 U.S.C. §§ 1692e by using false, deceptive and misleading representations and/or means to collect the debt in filing suit falsely claiming EduCap was the real party in interest.

45.     Defendants violated 15 U.S.C. § 1692e by using false, deceptive or misleading means to collect the debt in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

46.     Defendants violated 15 U.S.C. §§ 1692e(5) by taking legal action that could not be taken in filing suit falsely claiming EduCap was the real party in interest.

47.     Defendants violated 15 U.S.C. §§ 1692e(10) by using false, deceptive and misleading representations and/or means to collect the debt in filing suit falsely claiming EduCap was the real party in interest.

48.     Defendants violated 15 U.S.C. §§ 1692e(10) by using false, deceptive and misleading representations and/or means to collect the debt in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

49.     Defendants violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct to collect the debt in filing suit falsely claiming EduCap was the real party in interest.

50.     Defendants violated 15 U.S.C. § 1692f by engaging in unfair or unconscionable conduct to collect the debt in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

51.     Defendants' unscrupulous debt collection practices are deceptive, misleading, abusive, and unfair to the least sophisticated consumer.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF DISTRICT OF COLUMBIA CODE § 28-3814 ET SEQ.

52.     Griffith repeats, re-alleges and incorporates by reference paragraphs 1-51, inclusive, above, as if fully set forth herein.

53.     Defendants violated § 28-3814(c)(3) by filing suit falsely accusing Griffith of not paying a debt to EduCap.

54.     Defendants violated § 28-3814(f)(5) by misrepresenting the character, extent, and amount of their claim by filing suit falsely accusing Griffith of not paying a debt that was never owed to EduCap.

55.     Defendants violated § 28-3814(f)(8) by attempting to collect attorney's fees that could not be added because Griffith never owed a debt to EduCap.

56.     Defendants violated § 28-3814(f)(9) by misrepresenting its status as the lender and/or real party in interest in falsely claiming that Griffith "entered into a written promissory note with EduCap."

57.     Defendants violated § 28-3814(g)(3) by attempting to collect attorney's fees from Griffith for a debt that was never owed to EduCap.

58.     Defendants violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable means to collect the debt by filing suit against Griffith claiming EduCap was the real party in interest.

59.     Defendants violated D.C. Code § 28-3814(g)(4) by engaging in unfair or unconscionable conduct to collect the debt in filing suit falsely claiming Griffith "entered into a written promissory note with EduCap."

60.     Defendants are liable to Griffith for compensatory damages under D.C. Code §
28-3814(j)(1) for their willful violations of law.

61.     Defendants are liable to Griffith for punitive damages under D.C. Code § 28-
3814(j)(2) for their willful violations of law.

## THIRD CLAIM FOR RELIEF

### ABUSE OF PROCESS

62.     Griffith repeats, re-alleges and incorporates by reference paragraphs 1-61
inclusive, above, as if fully set forth herein.

63.     Defendants misused the legal process by filing suit to collect a debt they knew
they were not owed. Defendants falsely claimed EduCap was the real party in interest and
submitted Maiorca's perjured affidavit to enrich themselves with ill-gotten principal, interest,
attorney's fees and costs—an end which would not be otherwise legally obtainable.

64.     The requisite element of malice or ulterior motive should be inferred from
Defendants' willful abuse of process.

65.     To the extent such inference fails, malice specifically exists in that Defendants
acted with a conscious disregard for the rights of Griffith because their ulterior purpose in
misusing legal process was: (1) for EduCap to recover unenforceable principal, interest and fees
for the debt, and (2) for Weinstock to recover attorney's fees, costs and/or a contingency fee.

66.     Defendants were a substantial factor in causing Griffith's damages, and the
depravity of Defendants' conduct fulfills the requirements for an award of exemplary damages.

67.     Defendants have a routine business practice of filing suits falsely claiming to be
the real party in interest, further evidencing the need for an award of substantial punitive
damages.

## PRAYER FOR RELIEF

Griffith respectfully prays that judgment be entered against Defendants for the following:

A.      Actual damages;

B.      Statutory damages;

C.      Punitive damages;

D.      Costs of suit and reasonable attorney's fees; and

E.      For such other and further relief as the court may deem proper.

## JURY DEMAND

Griffith demands trial by jury.


DATED:  July 28, 2016                Respectfully submitted,

                         /s/   *Dean Gregory*
                        Dean Gregory (Bar No. 1008846)
                        **LAW OFFICES OF DEAN GREGORY**
                        1717 K Street NW
                        Suite 900
                        Washington, D.C. 20006
                        Telephone: (202) 905-8058
                        Facsimile: (202) 776-0136
                        E-mail: dean@deangregory.com

                        *ATTORNEY FOR PLAINTIFF*