# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

NATASHA GRIFFITH,

        *Plaintiff*,

      v.

EDUCAP INC., *et al.*,

        *Defendants.*

Civil Action No. 16-cv-1541 (DLF)

## MEMORANDUM OPINION

The plaintiff, Natasha Griffith, asserts several claims against EduCap Inc., Weinstock, Friedman & Friedman, P.A., and HSBC Bank U.S.A., N.A. Before the Court is EduCap and Weinstock's Motion to Dismiss the Complaint and HSBC's Motion for Judgment on the Pleadings. For the reasons discussed below, the Court grants in part and denies in part EduCap and Weinstock's Motion to Dismiss and grants HSBC's Motion for Judgment on the Pleadings.

## I. BACKGROUND

On February 13, 2007, a $19,152 student loan was disbursed to Robert Blocker. *See* Compl. ¶ 25, Dkt. 23. Griffith co-signed the loan. *See id.* The note disclosure statement identifies the lender as HSBC Bank USA, N.A. *See id*. ¶ 26. Blocker defaulted on the loan by failing to make the monthly payments. *See id.* ¶28. When Blocker defaulted, Weinstock, Friedman & Friedman, P.A. filed a debt collection lawsuit against Griffith in the District of Columbia Superior Court on behalf of EduCap. On May 26, 2015, the trial court granted summary judgment in favor of EduCap. *See* Compl. ¶ 34, Dkt. 23. On February 24, 2016, the D.C. Court of Appeals reversed the trial court's grant of summary judgment because "EduCap was not a proper party to enforce the note." *Id*. ¶ 35.

On July 28, 2016, Griffith filed a Complaint in this Court against EduCap and Weinstock. Griffith amended that complaint twice. After EduCap and Weinstock filed a motion to dismiss, Griffith submitted a Third Amended Complaint that included HSBC as a defendant. Griffith's complaint now alleges that EduCap and Weinstock violated the Fair Debt Collection Practices Act. Griffith also alleges that all three defendants violated D.C.'s Debt Collection statute and asserts common law claims for abuse of process and malicious prosecution against all three defendants.

## II.  LEGAL STANDARD(S)

A motion to dismiss and a motion for judgment on the pleadings are "functionally equivalent" and the two are "governed by the same standard." *Philadelphia Indem. Ins. Co. v. Lend Lease (U.S.) Construction, Inc.*, 170 F. Supp. 3d 190, 192 (D.D.C. 2016). In evaluating both motions, the Court must treat the complaint's "factual allegations as true and must grant the plaintiff the benefit of all inferences that can be derived from the facts alleged." *Ctr. for Responsible Sci. v. Gottlieb*, 311 F. Supp. 3d 5, 8 (D.D.C. 2018) (internal quotation marks and alterations omitted). "The Court need not accept as true, however, a legal conclusion couched as a factual allegation, nor an inference unsupported by the facts set forth in the Complaint." *Id.* (internal quotation marks omitted).

To survive the defendants' motions, Griffith's complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal citation omitted). That standard does not amount to a specific probability requirement, but it does require "more than a

sheer possibility that a defendant has acted unlawfully." *Id.* A complaint need not contain "detailed factual allegations," but alleging facts that are "merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility." *Id.* (internal quotation marks omitted). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

## III. ANALYSIS

### A.    Fair Debt Collection Practices Act Claim

EduCap and Weinstock first argue that Griffith has failed to state a claim upon which relief can be granted under the FDCPA.[1] The FDCPA governs the behavior of third-party debt collectors who attempt to collect debts on behalf of another entity. The Act requires actions to enforce liability under the Act to be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). Generally, when the alleged misrepresentation occurs in the filing of a debt collection action, the statute of limitations begins to run when the debtor is served with the complaint. *See Quick v. EduCap, Inc.*, No. 17-cv-1242, 2018 WL 3419164, at *13 (D.D.C. July 12, 2018). Here, filing and service took place in May 2014. Griffith did not file her complaint until July 2016. Because Griffith did not file this action within one year of service, her claim is time-barred.

Griffith argues that her FDCPA claims were tolled because the defendants fraudulently concealed EduCap's lack of capacity to sue Griffith or, in the alternative, because the FDCPA's statute of limitations is subject to the discovery rule. Fraudulent concealment is an "equitable doctrine" that "is read into every federal statute of limitation." *Holmberg v. Armbrecht*, 327 U.S.

---

[1] Griffith did not assert a FDCPA claim against HSBC.

392, 397 (1946). To "prove fraudulent concealment, plaintiffs must show (1) that defendants engaged in a course of conduct designed to conceal evidence of their alleged wrong-doing and that (2) the plaintiffs were not on actual or constructive notice of that evidence, despite (3) their exercise of diligence." *Firestone v. Firestone*, 76 F.3d 1205, 1210 (D.C. Cir. 1996) (internal quotation marks and alterations omitted). "Generally, fraudulent concealment requires that the defendant make an affirmative misrepresentation tending to prevent discovery of the wrongdoing." *Id.* Under the discovery rule, a cause of action accrues when one knows or should have known "(1) of the injury, (2) its cause in fact and (3) of some evidence of wrongdoing." *Bussineau v. President and Dirs. of Georgetown Coll.*, 518 A.2d 423, 425 (D.C. 1986).

Because Griffith should have known that EduCap lacked the capacity to sue Griffith at the time of the original lawsuit, Griffith has failed to show that either the doctrine of fraudulent concealment or the discovery rule tolled the statute of limitations. Griffith argues that EduCap and Weinstock intentionally suppressed EduCap's lack of capacity to sue Griffith by falsely claiming that EduCap sued Griffith on behalf of HSBC. But as Griffith acknowledges, the loan documentation identifies the lender as HSBC Bank USA, N.A. Compl. ¶¶ 26, 27, Dkt. 23. Moreover, as Griffith argues in her complaint, "EduCap only appears peripherally in the loan documents." Compl. ¶ 7, Dkt. 23. There was more than enough information available to Griffith, through the loan documents, to alert Griffith that EduCap did not issue the now-defaulted loans. *See Quick*, 2018 WL 3419164, at *14. Therefore, Griffith has not shown that she was "not on actual or constructive notice of that evidence," *Firestone*, 76 F.3d at 1210, so her FDCPA claim is time-barred.

### B. D.C.'s Debt Collection Statute

The defendants also argue that the complaint does not include sufficient factual allegations to support the claim that the defendants willfully violated several provisions of D.C.

Code § 28-3814 – D.C.'s debt collection statute. To hold a defendant liable for violations of that statute, a plaintiff must supply "[p]roof by substantial evidence, that a creditor or debt collector has willfully violated" the provisions of the statute. D.C. Code § 28-3814(j)(1). Griffith has not alleged sufficient facts to support an allegation that Weinstock or HSBC willfully violated the D.C. statute. Aside from representing EduCap, the complaint does not identify any specific actions that Weinstock took. Without more, that is not enough to state a claim against Weinstock. Likewise, the complaint fails to allege facts that support a plausible allegation that HSBC committed a willful violation of the D.C. statute. Indeed, Griffith claims that "HSBC was required to bring suit in its own name." Compl. ¶ 36, Dkt. 23. There is no allegation that HSBC was involved in EduCap's decision to bring the original lawsuit against Griffith. And, because HSBC was the rightful plaintiff in the lawsuit, it cannot have been a willful violation of the D.C. statute for HSBC to be substituted into the original lawsuit as the new plaintiff.

But the complaint does include sufficient factual allegations to state a claim that EduCap violated the D.C. statute. First, the complaint alleges that "EduCap has been filing thousands of debt collection lawsuits across the country falsely claiming to be the real party in interest by suing on behalf of HSBC." Compl. ¶ 23, Dkt. 23. The complaint also alleges that EduCap concealed "the lack of authorization to sue," *id*. ¶ 24, and "used HSBC's name to conceal the fact that EduCap was merely acting as a debt collector and never had standing as the real party in interest to enforce the terms of the note." *Id*. ¶ 36. Finally, the complaint alleges that the defendants "have a long, well-documented history of filing debt collection lawsuits falsely claiming to be the lender and/or real party in interest. Defendants' conduct is designed to fraudulently mislead unwitting consumers into believing EduCap and HSBC are the actual

creditors to evade standing challenges by consumers." *Id.* ¶ 41. At this stage, those allegations suffice to state a claim that EduCap violated the D.C. statute.

EduCap argues that even if Griffith has sufficiently alleged a violation of the D.C. statute, that claim has been lost because Griffith failed to raise the claim as a compulsory counterclaim in the original lawsuit. That argument fails:

> Whether a cause of action constitutes a compulsory counterclaim is governed by D.C. Superior Court Rule of Civil Procedure 13(a), which provides that a pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of 3rd parties of whom the Court cannot acquire jurisdiction.

*Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 41 (D.D.C. 2008). Here, the transaction that was the subject matter of the original lawsuit was the debt that Griffith owed. The subject matter of Griffith's lawsuit, however, is the Superior Court lawsuit, not the debt collection on which that lawsuit was based. Therefore, Griffith's claim that EduCap violated the D.C. statute was not a compulsory counterclaim in the original lawsuit and may survive.

## C. Abuse of Process

The defendants also move to dismiss Griffith's common law claim for abuse of process. According to Griffith, the defendants unlawfully pursued a frivolous lawsuit to "coerce payment from Griffith for a debt they knew they were not owed." Compl. ¶ 74, Dkt. 23. "To state a claim for abuse of process," Griffith "must establish two essential elements: (1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be proper in the regular prosecution of the charge." *Thorp v. Dist. of Columbia*, 142 F. Supp. 3d 132, 147 (D.D.C. 2015) (internal quotation marks and alterations omitted). "In short, simply filing a lawsuit is not actionable, regardless of the motive that may have prompted the suit." *Kopff v.*

*World Research Grp., LLC*, 519 F. Supp. 2d 97, 100 (D.D.C. 2007). Under "District of Columbia law even an allegation that a plaintiff knowingly brought suit on an unfounded claim is not by itself an abuse of process." *Id*.

Griffith asks the Court to infer the "requisite element of malice or ulterior motive" from the defendants' "willful abuse of process." But Griffith has provided no factual support for her allegation. Moreover, even where a plaintiff has shown that the defendant had an ulterior motive, there must be evidence of perversion of the judicial process. "The usual case of abuse of process is some form of extortion." *Scott v. Dist. of Columbia*, 101 F.3d 748, 755 (D.C. Cir. 1996). Here, Griffith does not allege that any of the defendants used the legal process to achieve "some end not contemplated in the regular prosecution of the charge." *Id*. at 756. Because Griffith has not alleged sufficient facts to support a claim of abuse of process, the Court dismisses count three.

### D.     Malicious Prosecution

Finally, the defendants argue that Griffith has failed to state a claim for malicious prosecution. "Under the District of Columbia's formulation of the malicious prosecution cause of action," Griffith "must present evidence that (1) the underlying suit terminated in [her] favor; (2) there was malice on the part of [the defendant's] in filing the underlying suit; (3) there was a lack of probable cause for the underlying suit; and (4) that [Griffith] suffered a *special injury* as a result of the suit." *Havilah Real Prop. Servs., LLC v. VLK, LLC*, 108 A.3d 334, 354 (D.C. 2015) (internal citation omitted). Injuries "to reputation, emotional distress, loss of income, and substantial expense in defending are outside the scope of what constitutes a special injury." *Id*. (internal quotation marks omitted).

Griffith does not allege that the defendants acted with malice or that she suffered a special injury. Rather, Griffith asks the Court to infer that the defendants' "instigation of the

debt collection action was actuated by malice" because Griffith did not owe a debt to the defendants and the defendants lacked the capacity to sue Griffith. Compl. ¶ 84, Dkt. 23. But absent "facts to support an allegation that defendants acted with malice toward" the plaintiff, Griffith has not offered adequate support for a malicious prosecution claim. *Clark v. Comput. Sci. Corp.*, 958 F. Supp. 2d 208, 213 (D.D.C. 2013).

Griffith also fails to allege that she suffered a special injury. She claims that she is not required to demonstrate a special injury because the defendants never had a valid legal claim. The only case that Griffith cites for this assertion is *Davis v. Boyle Bros*. 73 A.2d 517 (D.C. 1950). But in that case, the Municipal Court of Appeals for the District of Columbia noted that generally a plaintiff must show a "special injury beyond what assertion of rights ordinarily entails" to be entitled to a remedy. *Id*. at 520. The only exception to that special injury rule is that a plaintiff need not allege a special injury when the plaintiff has alleged that he or she was the victim of two or more malicious prosecutions.[2] Since then, the D.C. Court of Appeals has reiterated that "the special injury requirement" promotes D.C.'s "policy of encouraging free access to the courts." *Havilah*, 108 A.3d at 356.

Griffith argues in the alternative that she suffered "harm beyond that which is normally incidental to defending a lawsuit." Pl.'s Opp'n at 23, Dkt. 30. The harm that Griffith identifies is the expense that she incurred while defending against the defendants' original lawsuit. But the

---

[2] In *Davis*, although there had been only one suit, the court determined that the action involved "one suit plus" because it involved "something more than the usual suit brought maliciously and without probable cause." *Davis v. Boyle Bros.*, 73 A.2d 517, 520 (D.C. 1950). There, "the original suit not only was brought maliciously and without probable cause, but it was brought and served in an alternative name which" the "plaintiff had never used." *Id*. Additionally, the defendant had "acknowledged the error and promised that the suit would be dismissed." *Id*. The complaint in this case contains no allegations that indicate that Griffith was in a similar position here.

D.C. Court of Appeals has made clear that expenses incurred defending against a lawsuit – even those that are vastly disproportionate to the amount at issue in the lawsuit – do not constitute a special injury.  *See Joeckel v. Disabled Am. Veterans*, 793 A.2d 1279, 1283-1284 (D.C. 2002). Thus, the Court dismisses Griffith's common law claim for malicious prosecution.

## CONCLUSION

For the foregoing reasons, the Court grants in part and denies in part defendants EduCap and Weinstock's Motion to Dismiss and grants defendant HSBC's Motion for Judgment on the Pleadings.  Count 1 is barred by the relevant statute of limitations.  Count 2 is dismissed for failure to state a claim as to the defendants Weinstock and HSBC but survives against EduCap. Counts 3 and 4 are dismissed for failure to state a claim.  The defendants' Joint Request for Judicial Notice is denied as moot.  A separate order consistent with this decision accompanies this memorandum opinion.

_____
DABNEY L. FRIEDRICH
United States District Judge

Date: September 10, 2018